**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

DIANA RUBIO IBARRA,                      §
INDIVIDUALLY, AS                         §
REPRESENTATIVE OF THE ESTATE             §          SA-24-CV-01253-XR
AND ON BEHALF OF ALL                     §
WRONGFUL DEATH BENEFICIARIES             §
OF JUAN JOSE MARTINEZ DE LA              §
ROSA, DECEASED;                          §
              *Plaintiff*                §
                                         §
-vs-                                     §
                                         §
FORT DUNCAN MEDICAL CENTER,              §
L.P., VHS SAN ANTONIO PARTNERS,          §
LLC, M.D. AAMIR S. MALIK,                §
              *Defendants*               §

## <u>ORDER</u>

On this date the Court considered the Plaintiffs' motion to remand. ECF No. 24. After

careful consideration, the Court issues the following order.

## BACKGROUND

On June 7, 2024, Plaintiffs filed a medical malpractice case against Defendants Fort

Duncan Medical Center, L.P. d/b/a Fort Duncan Regional Medical Center (hereinafter "FDMC"),

VHS San Antonio Partners, LLC d/b/a Baptist Medical Center (hereinafter "BMC"), and Aamir

S. Malik, M.D. (hereinafter "Dr. Malik") in the 407th Judicial District Court of Bexar County,

Texas alleging the Defendants were negligent in the care rendered to Juan Martinez De la Rosa

between June 28, 2023 through July 7, 2023. Plaintiffs' original petition (ECF No. 1-2) alleges

various counts of negligence, all of which are health care liability claims arising under the common

law of the State of Texas and which are governed by Tex. Civ. Prac. & Rem. Code T.4, Ch. 74

("Chapter 74").

Between June 13, 2024, and July 5, 2024, each Defendant independently filed their original answer. In August of 2024, an Agreed order for Special Setting and Discovery Control Plan was entered by the State Judge, and a trial setting beginning in September of 2025 was set. Over the next few months, the parties served discovery requests. In October of 2024, Plaintiffs served Defendants with Chapter 74 Expert Reports prepared by Richard Sobel, M.D, and Erick Gluck, M.D.

On October 31, 2024, Defendant FDMC filed a Notice of Removal (later joined by the remaining defendants) based on federal question jurisdiction. ECF No. 1.  Defendants contend that the Chapter 74 Expert Report of Dr. Richard Sobel indicates the Plaintiffs are seeking relief for alleged violations of 42 U.S.C.A. § 1395dd(a) the Emergency Medical Treatment & Labor Act ("EMTLA"), thereby introducing a federal question.[1] ECF No 1 ¶ 7.

On November 14, 2024, the Plaintiffs filed a Motion to Remand to State Court, then withdrew that Motion on November 21, 2024. ECF No. 9, 12. The Plaintiffs then re-filed the Motion to Remand on December 23, 2024, (ECF No. 24) arguing the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiffs assert in their Motion to Remand that they have pled only health care liability claims arising under the common law of the State of Texas, and that comments referencing a federal statute in an expert report do not constitute new pleadings.

## DISCUSSION

### I.    Legal Standard

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and

---

[1] EMTALA, known as the federal "anti-dumping statute" was enacted to prevent hospitals from rejecting or "dumping" indigent patients from emergency rooms. *Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 557 (5th Cir. 2000). EMTALA requires hospitals to provide appropriate screening to identify emergency medical conditions and stabilize individuals before transfer or discharge. 42 U.S.C. § 1395(a)–(c).

there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citing to 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction." Any civil action of these types that is brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

To create federal question jurisdiction, the complaint must establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009). Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

A "complaint also creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal

law is substantial." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001). Evaluating whether a federal issue is "embedded in the matrix of a state law claim" requires "a pragmatic assessment of the nature of the federal interest at stake." *Fischer v. Fischer*, Civ. No. 3:20-CV-2173, 2021 WL 1720213, at *4 (N.D. Tex. Apr. 30, 2021) (citing *Howery*, 243 F.3d at 917).

The Supreme Court has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." *Grable and Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005); *see also Kinnie v. Freedom Mortg. Corp.*, No. SA-20-CV-178-XR, 2020 WL 1284831, at *3 (W.D. Tex. Mar. 17, 2020) (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)) (observing that "[b]reach of contract is plainly a state law claim, and the mere reference to a federal statute does not transform that state law claim into one arising under federal law.").

## II.    Analysis

Determining whether a particular case arises under federal law generally turns on the "well-pleaded complaint" rule, which states that the basis for federal jurisdiction must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citations omitted). Plaintiffs are masters of their own complaints and may generally allege only a state-law cause of action even where a federal remedy is also available. *Id.*

Here, the Plaintiffs' original complaint pleads only state malpractice claims arising under state law. *See* ECF 1-2. The Defendants acknowledge that the Plaintiffs' claims are health care liability claims that are governed by Texas statute. ECF No. 1 ¶2. However, pointing to 28 U.S.C. § 1446, Defendants assert that the Court has jurisdiction based on a federal question because the statute provides that a case may be removable based on an "other paper".[2] *Id.* ¶5.  The Defendants

---

[2] 28 U.S.C. § 1446 states in part: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

removed the case contending that the Plaintiffs brought a claim alleging the violation of a federal statute and accordingly the court has federal question jurisdiction. *See* ECF No. 1. Defendants base their assertions on a comment in the report of one of the Plaintiffs' experts, specifically Dr. Sobel's Chapter 74 expert report under the section entitled "Applicable Standards of Care and Breaches of the Standards of Care by Fort Duncan Regional Medical Center Emergency Department & Staff, Including Aaron Simms, MD and Vernon Williams, MD" wherein Dr. Soble writes in part:

> The emergency department case was so delayed that it does not appear to be consistent with basic guidelines for medical standards under 42 U.S.C.A. § 1395dd, (the EMTALA Act), the Federal Statute governing Hospital Transfers.
>
> The standard of care does require a Hospital and ER physician and staff to appropriately transfer a patient with an unstabilized emergency medical condition(s) to a higher level of care when their facility lacks needed resources. However, this must be done consistent with medical standards for stabilization of the patient to the degree the resources of the sending facility allow. According to family member account, Mr. De La rosa was denied air ambulance transport by the ED staff because they were told he did not have an emergency.

ECF No. 1-3 at 57.

Defendants argue, based on Dr. Soble's reference to the EMTALA act, that 1) Plaintiffs' action now depends upon the resolution of a substantial question of federal law, and 2) EMTALA creates a new, federal cause of action. *Id*. ¶5. The Court disagrees. Assuming without deciding that the Plaintiffs' expert's report constitutes an "other paper," the court addresses the Defendants' arguments in reverse order.

The Defendants argue that Dr. Soble's comment pertaining to EMTALA has created a new, federal cause of action. The section of the expert's report that the Defendants point to is replete with references to "the standard of care" in both the treatment of patients and the transfer of patients and how, in the expert's opinion, the actions of the FDMC did

---

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

not meet those standards. ECF No. 1-3 at 57. While discussing "standards of care", Dr. Soble references another medical standard—arising under EMTALA—and opines that the care provided at the FDMC emergency room was not consistent with EMTALA *Id*. However, merely referring to a federal statute as a guideline or "measuring rod" does not create federal question jurisdiction. *See Grable and Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (holding reference to federal regulations in complaint as "measuring rod" to gauge evidence of state law not a basis for removal). Dr. Soble's comments simply point to EMTALA as a "measuring rod" in order to make a comparison. Under *Grable*, such a reference does not create a new, federal cause of action. Defendants have not established that the expert's report alleged a new, federal claim.

Defendants also argue that because the expert referenced EMTALA, Plaintiffs' action now depends upon resolution of a substantial question of federal law. In order to succeed on this argument, the Defendants must show that "(1) a federal right is an essential element of [Plaintiff's] state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery*, 243 F.3d 912, 918 (5th Cir. 2001).

Under the first prong, the Defendant must show that a federal right is an essential element of the Plaintiffs' claim. Plaintiffs have pled health care liability claims, including negligence and gross negligence as causes of action, under Texas common and statutory law. *See* ECF No. 1. None of the claims asserted in the Plaintiffs' state court complaint were "created by" federal law. Under Defendant's theory, Plaintiffs have now pled a claim under EMTALA thereby making a federal right an essential element of Plaintiff's claim.

However, as discussed above, the expert's reference to EMTALA did not create a new, federal claim, so no federal right is essential because there is no claim under EMTALA. It may be possible that conduct that violates EMTALA also supports a negligence theory under the state law claims that the Plaintiffs bring; however, a violation of EMTALA is not an element of the state law medical malpractice claims. Accordingly, Defendants have not shown that EMTALA is an essential element of Plaintiffs' state law claims.

Second, the Defendants have not shown that the interpretation of a federal right is necessary for the Plaintiffs' case. Because a federal right is not an element of the Plaintiffs' state law claims, no federal right needs to be interpreted. Here, the Defendants have shown, at best, that one of the Plaintiffs' experts has relied on a federal statute to illustrate a standard of care. But, that is not enough, as there must be more than a federal element merely present in order "to open the 'arising under' door" to the federal court. *Grable*, 545 U.S. at 313. Further, even if a state court would be required to interpret federal law to determine the merits of the Plaintiff's claim it would be an insufficient reason to confer federal jurisdiction. *Nelon v. Mitchell Energy Corp.*, 941 F. Supp 73, 75 (N.D. Tex. 1996) ("[t]he mere fact that a [state] court necessarily must interpret federal law or federal regulations to determine the merits of a claim is insufficient to confer federal jurisdiction."). "An expansive interpretation of the federal question statute to allow federal courts to assert jurisdiction over cases with tangential and inessential federal components would step upon the authority of state courts to decide state law and ignore the capacity of state courts to decide questions of federal law." *Howery*, 243 F.3d at 918–919. The Defendants have not shown that the interpretation of a federal right is necessary to resolve the case.

Third, for the reasons discussed above, the federal question in this case is not "substantial." The Court finds the state law issues overwhelm any federal law issues.

The Court therefore finds that the Defendants have not shown the Plaintiffs' action requires the resolution of a substantial question of federal law nor have they shown that the reference to EMTALA creates a new, federal cause of action. Accordingly, the Defendants have not carried their burden to show that federal jurisdiction exists.

## CONCLUSION

Plaintiffs' Motion to Remand (ECF No. 24) is hereby **GRANTED**.

The Clerk of the Court is **DIRECTED** to **REMAND** this case to the 407th Civil District Court, Bexar County, Texas.

The Clerk is **FURTHER DIRECTED** to provide a certified copy of this order to the Clerk of the 407th Civil District Court, Bexar County, Texas.

It is so **ORDERED**.

**SIGNED** this 11th day of February, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE